## ENGLISH vs. LATHAM.

The penalty
cannot exceed
double the a-
mount of the
injury.

An attorney
cannot become
a witness in a

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court.
The plaintiff claims a penalty of $800, which
the defendant bound himself to pay, if he did

not return after one month, or as soon thereafter as he should be thereunto required, an indented mulatto man, delivered him by the plaintiff.

West'n District,
*Sept.* 1824.

ENGLISH
*vs.*
LATHAM.

Witness in a cause in which he is employed, by having his name stricken off the record.

The defendant pleaded the general issue—want of consideration in the contract—the presumed freedom of the servant, he being a mulatto.

There was a verdict and judgment for the defendant, and the plaintiff appealed.

The statement of facts shews that the written contract. on which the action is brought, was proven to have been duly executed by the defendant.

Yocum deposed that, after the defendant had the mulatto man for upwards of a month, he made a formal demand of him, by authority from the plaintiff, and the defendant did not deliver him. The defendant's attorney informed the plaintiff he could have the man, by producing his title to him. The plaintiff appeared satisfied, and said he would—but afterwards said the attorney had used him ill, by running him to costs. The plaintiff was to have had $200, if he could have had the mulatto, as he heard from the plaintiff. He never got the mulatto to the deponent's knowledge.

The evidence appears to us to have supported the allegation of the petitioner. The plea of the general issue must yield to the proof of the execution of the instrument on which the suit is brought. The instrument shews the consideration of the contract, in the delivery of the servant by the plaintiff to the defendant; and the presumption of freedom resulting from the color of the servant was destroyed by the proof of his being a bondsman, as is acknowledged in the instrument. It therefore appears to us the verdict cannot stand.

Were we inclined to disregard it and assume the facts as we should in establishing the plaintiff's claim, we would be unable to ascertain its amount. We could not give the whole penalty, because nothing induces the idea that it is not more than double the amount of the injury sustained by the plaintiff. *La pena puesta en gran cantida, no se extiende a mas del dos tantoe. Fuero,* 1, 11, 5. Such was the provision of the Roman law.

As we have no datum from which any calculation may be made, we must remand the case.

This renders it necessary to examine a bill of exceptions taken by the defendant, to the

opinion of the court, on refusing to receive as a witness for him, a gentleman, who had till then been his attorney on record, who for the purpose of removing the disability imposed by the act of assembly, had his name struck off from the docket and renounced his fee in the cause. We think the judge did not err. 1 *Martin's Digest*, 537.

It is is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and the verdict set aside, and the case remanded for a new trial : and it is ordered, adjudged and decreed that the plaintiff and appellee pay costs in this court.

*Bullard* for the plaintiff, *Rost* for the defendant.